List of Exhibits

A. The Collective Bargaining Agreement, Article XXVII – Safety, Section 2.
B. The Collective Bargaining Agreement, Article XIV – Payment of Wages
C. April 30, 2017 letter from the International Painters and Allied Trades Industry Pension Fund
D. December 29, 2017 letter from Fine/FCS group to the International Union of Painters and Allied Trade Unions Pension Fund
E. July 12, 2018 letter from International Painters and Allied Trades Union Pension Fund to Mr. Santos stating his application for pension benefits has been reviewed and approved.
F. October 18, 2018 letter from the International Painters and Allied Trades Union Pension to Mr. Santos stating that his union pension was suspended effective October 1, 2018 as a result of an audit of his reported work hours.
G. November 5, 2018, letter from the Union Pension Fund to Fine/FCS group.
H. December 10, 2018 letter of appeal of Mr. Santos' union pension from Dominick Minervini, esq. to the Union Pension Fund.
I. December 13, 2018 letter from Fine/FCS group to the Union Pension Fund.
J. January 15, 2019 letter from the Union Pension Fund to Find/FCS group.
K. April 12, 2019 letter from the Union Pension Fund to Mr. Santos informing him of the denial of his appeal
L. Novak|Francella letter

# Exhibit A

**Section 2.** In the event that the Employer shall contract out, subcontract, or outsource any bargaining unit work, whether or not job site or other work encompassed by Section 1 hereof, the Employer must notify the Union as to the identity of the contractor or subcontractor to which the work will be assigned within five (5) days prior to finalizing any agreement with such contractor, subcontractor, or other person.

**Section 3.** In the event of contracting, subcontracting; or outsourcing of any job site work encompassed by the provisions set forth in Section 1 hereof, if the Union has provided the Employer with written notice that a contractor is presently delinquent in making contributions to the Union or any fringe benefit fund to which contributions are required by this Agreement, and, after being provided such written notice, the Employer nonetheless enters into or continues a contract for the performance of any job site work that is covered by this Agreement with such delinquent contractor, the Employer shall be liable for any unpaid fringe benefit contributions owed by such contractor because of the performance of such job site work pursuant to that contract.

## ARTICLE XXVII – Safety

**Section 1.** In accordance with the requirements of the Occupational Safety and Health Act of 1970, it shall be the exclusive responsibility of the Employer to ensure the safety of its employees and compliance by them with any safety rules contained herein or established by the Employer. Nothing in this Agreement will make the Union liable to any employees or to any other persons in the event that work-related disease, sickness, death, injury, or accident occurs. The Employer will not engage in any litigation against the Union, on a subrogation theory, contribution theory, or otherwise, so as to obtain a money judgment from it in connection with any work-related disease, sickness, death, injury, or accident.

**Section 2.** The Employer shall, at all times, provide safe tools, materials, and equipment and safe working conditions. If at any time, in the opinion of an employee, such tools, materials, equipment, or working conditions are unsafe and constitute a hazard to health or physical safety, the employee shall have the right to refuse to work with such tools, materials, or equipment or under such hazardous conditions unless or until they are made safe. No employee shall be dismissed, disciplined, or otherwise discriminated against, nor shall his pay be withheld, for refusal to work with such unsafe tools, materials, or equipment or under such unsafe or hazardous working conditions.

**Section 3.** It is understood and agreed and recognized that traditional hand tools to perform work with namely putty knifes and dusters, shall be supplied by the employees. The Employer shall furnish all other tools and equipment to work with and if at that time such tools or equipment of any material or work conditions shall constitute a hazard to health or physical safety, the Employer shall not permit his employees to use such tools, equipment or materials or to work under such conditions. Employees refusing to work with such tools, equipment or materials or under such working conditions shall not be discriminated against by the Employer. Any disagreement arising hereunder shall be submitted to the Joint Trade Board as provided by this Agreement. No employee shall be discriminated against for their refusal to work with any tools or equipment for which they have not received proper training. There shall be no restrictions on



# Exhibit B

**Fourth Year**

| EFF Date | H&W | IUPAT PEN | IUPAT ANN | IUPAT FTI | DC FTI | LMCI | STARS | IAF |
|----------|-----|-----------|-----------|-----------|--------|------|-------|-----|
| 05/01/18 | $9.00 | $2.25 | $1.75 | $0.10 | $0.65 | $0.10 | $0.10 | $0.10 |

## ARTICLE XIV- Payment of Wages

**Section 1.** Employees shall be paid weekly on a day designated by the Employer. Checks shall be distributed on the job site no later than the close of the regular work day.

**Section 2.** All wages shall be paid by negotiable check (or direct deposit, if appropriate) and shall be accompanied by a statement of gross earnings and any deductions made. Such statement shall show the Employer's name, the employee's name, the hourly rate of pay, the dates and hours worked, all deductions made, and the net amount due the employee. Wage payments shall conform to all applicable federal and state laws.

**Section 3.** Employees who quit need not be paid until the next regular payday. In the case of discharge or layoff, the Employer shall pay employees in full at least thirty (30) minutes before being laid off at lunch or quitting time.

**Section 4.** If any employee is not paid in a timely manner, in accordance with the provisions set forth herein, he/she may file a grievance with the Joint Trade Board. The Joint Trade Board may assess a penalty on the Employer equal to three (3) times the amount involved for a failure to make timely payment(s) to the employee, in violation of this provision.

**Section 5.** Each employee shall verify that he/she has received payment of proper wages, travel pay, premium due, and other compensation due him/her. If there is a dispute, the employee must make a request for correction, through the Employer representative, steward, and/or business representatives within twenty-four (24) hours of receiving such pay. If appropriate correction is not made, the employee may file a grievance with the Joint Trade Board. Nothing in this provision shall be construed as imposing any time limits or other limitations on a claim by the Union and/or any Union-related or affiliated benefit fund that the Employer has failed to make timely and appropriate contributions to the Union and/or any fringe benefit fund.

**Section 6.** By May 1, 2019 in order to qualify for scheduled wage increases all active employees must complete thirty-two (32) hours of Journeyman upgrading, of which sixteen (16) hours must be of safety training annually after work hours. Repetition of the same class will not be accepted. By May 1, 2019 of the current collective bargaining agreement all members must have completed a thirty (30) hour OSHA class, journeymen with OSHA thirty (30) must keep it current. The Education and Training Fund shall

23



# Exhibit C

International Painters and Allied Trades **Industry Pension Fund**

| | | | |
|---|---|---|---|
| **OFFICE OF FUND ADMINISTRATOR** | **PHONE** 410 | 564 | 5500 | **TOLL FREE** 800 | 554 | 2479 | |
| 7234 PARKWAY DRIVE · HANOVER, MD 21076 | **FAX** 866 | 656 | 4160 | pension@iupat.org | |

TO:    International Painters and Allied Trades Industry Pension Plan Participants

FROM:   Tim D. Maitland, Fund Administrator

RE:    Upcoming Plan Design Changes

DATE:   April 30, 2017

The International Painters and Allied Trades Industry Pension Plan will be implementing plan design changes, effective January 1, 2018 that affect the special early retirement provisions. There will be a formal notice regarding these changes that will explain these changes in full detail. Because the formal notice is not required until later this year, we wanted to give you a preview of all the changes that will be made to the plan. The plan design changes, in conjunction with the updated Funding Improvement Plan that was adopted by the Board of Trustees, will ensure that our plan will be restored to sound actuarial and financial status as soon as possible.

The first change is regarding early retirement benefits. The chart below details the changes related to unreduced early retirement reductions:

| **Early Retirement Reduction** | | |
|---|---|---|
| **Early Retirement Reduction For Active Participants** | **Criteria Used for the Reduction for Benefits Accrued Prior to January 1, 2018** | **Criteria Used for the Reduction for Benefits Accrued On or After January 1, 2018** |
| **None** (The benefit is unreduced.) | 60,000 hours, or Age 55 with 54,000 hours, or Age 62 with 45,000 hours | Age 55 with 60,000 hours, or Age 60 with 54,000 hours, or Age 62 with 45,000 hours |
| **3% per year prior to age 65** | Age 55 with 18,000 hours | Under age 55 with 60,000 hours, or Ages 55 - 59.9 with 54,000 hours, or Ages 55 - 61.9 with 45,000 hours |
| **6% per year prior to age 65** | N/A | Ages 55 - 64.9 with 18,000 hours |

The hours accrued as of December 31, 2017 will be "grandfathered" into the old rule, essentially making your retirement benefit two separately calculated pensions at the time your retire.

**IMPORTANT: Your benefits accrued through 12/31/2017 will be calculated under the current Plan Rules. Benefits earned after 1/1/2018 will be calculated under the new Plan Rules.**

# Exhibit D



FCS GROUP, LLC

*57-12 Grand Ave*
*Maspeth, NY 11378*
*Tel: (516) 599-4100*
*Fax: (516) 599-0828*
*www.fcsnewyork.com*

**December 29, 2017**

DC 711  Contributions
**IUPAT Pension Fund**
7234 Parway Drive
Hanover MD 21076

Reference:        Employee **Juan Santos** - Pension & Annuity Benefits 2017

Find attached the following payments for the benefits mention above for Mr. Juan Santos  SS # XXX-XX-8883:

- Benefits  January – April 2017 (509 Hours) – Check # 029386  $  **5,385.42**
- Benefits  May – December  2017 (1,018.50 Hours) – Check # 029385   $ **10,808.32**

Also, please send us a report for Mr. Juan Santos for all his hours worked by year up to date.  We have a discrepancy in the year 2013 and we need to clarify this as soon as possible.

In the year 2013, the Pension shows only 1,760 hours for him but we reported 2,080 to the Pension.

I really appreciate your cooperaction to solve this matter

If you have any questions, do not hesitate to contact me @ 908-228-5470 Ext 11.

Regards,

**Nelly Velarde-Ramos**
Payroll

# Exhibit E



International Painters and Allied Trades Industry Pension Fund
Office of the Fund Administrator
7234 Parkway Drive, Hanover, MD 21076
Phone: 410.564.5500 | Fax: 866.656.4160 | Email: pension@iupat.org

July 12, 2018

Juan J Santos
119 Wortylko St
Carteret , NJ 07008

RE: Alternate ID: 765475

Dear Juan J Santos:

On behalf of the Board of Trustees of the International Painters and Allied Trades Industry Pension Fund, we are pleased to inform you that your application for pension benefits has been reviewed and approved.

In order to complete the application process and begin receiving your monthly benefit, please sign and return the following documents to the Fund office as soon as possible:

**Payment Election Form**: This form outlines the payment options available to you. Please check the option (only one option) of your choice sign and date the form, and, if applicable, have your spouse initial the option of your choice. For your files, an extra copy of the Payment Election Form is enclosed.

**Please be advised, if you are married and elect an option that does not provide a monthly Survivor Benefit that is at least equal to the Survivor Benefit for your Spouse under the Joint & Survivor 50% Option, the Spouse Waiver on the last page of the payment election form must be completed and notarized.**

**Notice of Withholding** : Please read this notice thoroughly and complete the federal tax withholding form.

**Form W-4P**: Please complete and sign this form, even if you do not wish to have federal income tax withheld from your monthly benefit check.

**Signature Card & Authorization for Direct Deposit** : You **must complete** the signature card and authorization agreement for direct deposit. Your first check will be mailed to you thereafter, your monthly benefit payment will be in the form of direct deposit.

# Payment Election Form Notice

<u>**Please read the following section carefully before selecting the payment option of your choice. If any of the following information is incorrect, please notify the Fund Office immediately.**</u>

The forms of payment available to you under the IUPAT Industry Pension Plan for your type of retirement appear on this form. **In the absence of a timely Payment Election Form, benefits may be paid in the Normal Form, which is the Five-Year Certain option for unmarried participants or the Joint & Survivor 50% option, with a current spouse, for married participants. Both forms of payment will be irrevocable.** The calculations are based on the following information and actuarial assumptions and may change with other information or assumptions:

| Participant Name | Juan J Santos |
|---|---|
| Participant Alternate ID | 765475 |
| Participant Date of Birth | 05/27/1969 |
| Retirement Date | 07/01/2018 |

| Total Benefit Hours | 60,000.00 |
|---|---|
| Social Security Benefit Amount | $0.00 |
| Expected to Begin on | 0 |
| Early Retirement Reduction (percentage per year from age 65) | 0 % |

| Beneficiary Name | Mrs. Karina Wahanik Santos |
|---|---|
| Beneficiary Alternate ID | 824990963 |
| Beneficiary Date of Birth | 06/11/1967 |

| | Pre-2018 | Post-2017 |
|---|---|---|
| Accrued Benefit | $3,517.20 | $.00 |
| Early Retirement Reduction % | 0% | 0% |
| Early Retirement Benefit | $3,517.20 | $.00 |

The basic monthly amount payable to you at
Normal Retirement Age (age 65) is:$3,517.20

The monthly benefit amount payable to you
after any reduction for Early Retirement is: $3,517.20

**Following are the Payment Options available to you.
Please read the options carefully and check the option of your choice.
PLEASE CHECK ONLY ONE OPTION.**

# Exhibit F

Case 2:20-cv-09182-JMV-JBC   Document 4   Filed 09/30/20   Page 14 of 28 PageID: 90



**International Painters and Allied Trades Industry Pension Fund**

OFFICE OF FUND ADMINISTRATOR
7234 PARKWAY DRIVE · HANOVER, MD 21076

PHONE 410 | 564 | 5500
FAX 866 | 656 | 4160

TOLL FREE 800 | 554 | 2479
pension@ivpat.org

October 18, 2018

Juan Santos
119 Wortylko Street
Carteret, NJ 07008

>    **RE:    Suspension of Benefits**
>    **Alternate ID: 765475**

Dear Mr. Santos:

We are writing to inform you that your International Painters and Allied Trades Industry Pension Plan ("Pension Plan") benefit has been suspended effective October 1, 2018.

You retired effective July 1, 2018 with a Special Early Retirement Pension. At the time of your retirement you were 49 years old and your record reflected that you had accrued a total of 60,000 Benefit Hours.

>    6.08    Special Early Retirement Pension – Eligibility.
>
>    ...
>
>    (c)    An Active Employee whose Annuity Starting Date is on or after January 1, 2003 shall be entitled to retire on a special early retirement pension if he or she:
>        (1)    Has at least 60,000 Benefit Hours, and,
>        (2)    Has accrued at least 1,800 Benefit Hours during the Contribution Period, or has worked at least 1,800 Hours of Service in Covered Employment during the 24 months following the beginning of the Contribution Period.
>    ...

To be eligible to retire under a Special Early Retirement Pension at age 49, a participant must have 60,000 Benefit Hours.

Following your retirement a compliance review of your service history revealed a discrepancy. In 2017, a total of 3,687.50 Benefit Hours were reported for your work by two contributing employers, Fine Construction and FCS Group, LLC. Assuming you worked fifty (50) weeks in 2017, you would have worked, on average, over 73 hours per week.

The Pension Fund is conducting an audit of Fine Construction and FCS Group, LLC to review and verify your service record. Your Pension Plan benefit has been suspended pending the completion of that audit because without the 3,687.50 total Benefit Hours in 2017, you are not currently eligible for a benefit from the Pension Plan.

Juan Santos
Page 2 of 2
October 18, 2018

9.03    Information and Proof.

(a)    Each Participant and Pensioner shall furnish the Trustees with any information or proof reasonably required to determine his or her benefit rights.

(b)    If the claimant makes a willfully false statement material to the application or furnishes fraudulent information or proof, material to the claim, benefits that are not subject to the nonforfeitability and anti-cutback rules of ERISA and the IRC may be denied, suspended or discontinued.

(c)    The Plan shall be entitled to rely on written representations, consents, and revocations submitted by Participants, Spouses or other parties in making benefit determinations under the Plan. Unless inconsistent with ERISA, a benefit determination based on such representations, consents, and revocations shall discharge the Plan and the Trustees from liability to the extent of the payments made. This means that, unless the Plan is administered in a manner determined to be inconsistent with ERISA, the Plan shall not be liable to a Participant, Spouse or Beneficiary or any other person for duplicate benefits with respect to the same Participant in excess of the Actuarial Equivalent of the benefits properly payable with respect to a Participant.

**Right to Appeal**

This is an initial determination by the Plan. You may appeal this determination to the Board of Trustees within sixty (60) days of this letter. If you do not appeal, this determination will become binding on you. A summary of the full Plan rules regarding appeals and lawsuits is enclosed.

Sincerely,

Tim D. Maitland
Fund Administrator

Enclosure

Exhibit G



**International Painters and Allied Trades Industry Pension Fund**

| OFFICE OF FUND ADMINISTRATOR | PHONE 410 l 564 l 5500 | TOLL FREE 800 l 554 l 2479 |
|---|---|---|
| 7234 PARKWAY DRIVE ‹ HANOVER, MD  21076 | FAX 866 l 656 l 4160 | pension@iupat.org |

November 5, 2018

Mr. Tony Singh                                                      **Employer Code: F05064**
FCS Group, LLC
57-12 Grand Avenue
Maspeth, NY 11378

**RE: Revised**

Dear Mr. Singh:

The firm of Novak Francella, Certified Public Accountants and auditors of the Fund, has completed their revised compliance audit of your company covering the period of January 1, 2015 through December 31, 2017.

The enclosed audit reflects an overpayment of $11,794.83 to the Pension Fund, $4,905.13 to the Annuity Fund, $160.25 to each of the FTI Fund and the LMCI Fund and $3.75 to the PAT Fund. We request you please review the audit and respond whether you are in agreement with the report. The Fund requires written confirmation in order to refund any overpayment.  Once received, we will issue a check in the amount of $17,024.21.

If you have any additional questions regarding this matter, please feel free to contact Michael O'Malley at (410) 564-5513 or momalley@iupat.org.

Sincerely,

*Vicki L. McGlone*

Vicki L. McGlone
Audit/Delinquency Manager

VM:gm

Enclosure

cc:  Vincent M. Lane, BMST, District Council 711

# Exhibit H

December 10, 2018

Dominick Minervini attorney at law LLC
299 Julianne Terrace
Secaucus, New Jersey 07094
(201) 470-0712 (T)
(201) 540- 8042 (F)

Board of Trustees
International Painters and Allied Trades Industry Pension Fund
7234 Parkway Drive
Hannover, Maryland 21076

**RE: Suspension of Pension Benefits to Juan Santos (Alternative ID # 765475)**

Dear Sir/Ma'am;

Please note that this firm has been retained to represent Mr. Juan Santos in regard to an appeal of the International Painters and Allied Trades Industries Pension Fund's suspension of Mr. Santos' pension benefits. Mr. Santos is appealing that decision, may this letter serve as formal notice of his appeal.

Mr. Santos was employed as a union painter for nearly 30 years, and retired as a member in good standing, in 2017. After the union pension fund accepted Mr. Santos' retirement, he began receiving a union pension in accordance with the pension fund plan. The Pension fund suspended Mr. Santos pension payments in a letter, dated October 18, 2018, informing Mr. Santos that that the suspension was due to a discrepancy of the total accrued hours.

Mr. Santos did work the number of hours (60,000+) required to be eligible for the union pension plan. The discrepancy of hours the pension fund picked up however, was not due to Mr. Santos failure to work the required hours, or any misrepresentation by Mr. Santos, but was instead due to the attempt by his former employer to rectify a failure to report the correct work hours from several years earlier.

I am requesting to union to investigate this issue further to correct this error. I look forward to collaborate with the union in an amicable manner to determine the true number of work hours attributable to Mr. Santos.

Very truly yours,

Dominick Minervini, esq

# Exhibit I



FCS GROUP, LLC

*57-12 Grand Ave*
*Maspeth, NY 11378*
*Tel:   (516) 599-4100*
*Fax: (516) 599-0828*
*www.fcsnewyork.com*

December 13, 2018

**Vicki  L. McGlone**
Audit/Delinquency Manager
**Industry Pension Fund**
Office Fund Administrator
7234 Parkway Drive
Hanover  MD  21076

Reference:       **Employer Code: F05064**
                 Audit Period:  January 01, 2015 through December 31, 2017

Dear Vicky,

In reference of letter dated November 05, 2018, I would like to inform you that the total hours of 1,527.50 belongs Juan Santos. These hours were not included in the information provided to the auditor. These hours were an adjustment made after the monthly reports were sent.  Therefore the amount of $16,193.71 is not an overpayment.

If you have any questions, do not hesitate to contact me @ 908-228-5470 Ext 11.

Regards,

**Nelly Velarde-Ramos**
Payroll Manager

NEW YORK · NEW JERSEY · CONNECTICUT · PENNSYLVANIA · MASSACHUSETTS
**Minority Business Enterprise**
*Commercial & Industrial Painting · Intumescent Fireproofing · Resinous Flooring*
*Tank Linings · Waterproofing · Lead/PCB/Mercury Abatement*

# Exhibit J

**International Painters and Allied Trades Industry Pension Fund**

ONE UNION

| OFFICE OF FUND ADMINISTRATOR | PHONE 410 I 564 I 5500 | TOLL FREE 800 I 554 I 2479 |
| 7234 PARKWAY DRIVE • HANOVER, MD 21076 | FAX 866 I 656 I 4160 | pension@iupat.org |

January 15, 2019

Mr. Tony Singh
FCS Group, LLC                                    **Employer Code: F05064**
57-12 Grand Avenue
Maspeth, NY 11378

Dear Mr. Singh:

This letter is regarding your letter dated December 13, 2018 in reference to the audit of your company covering the period of January 1, 2015 through December 31, 2017.

Please be advised the hours for Juan Santos covering the period of January 1, 2017 through December 31, 2017 were reported twice to the Pension Fund Office. Vaccaro & Associates received 1,527.50 hours and contributions of $16,193.71. The Pension Fund also received checks number 029385 and 029386 dated 12-29-2017 in the amounts of $5,385.42 and $10,808.32 for these same hours. Therefore, your company is due a refund of the overpayment of $16,193.71.

If you have any additional questions regarding this matter, please feel free to contact Michael O'Malley at (410) 564-5513 or momalley@iupat.org.

Sincerely,

Michael S. O'Malley

Michael S. O'Malley
Audit/Delinquency Manager

MSO:gl

Enclosure

cc:  Vincent M. Lane, BMST, District Council 711

# Exhibit K



Painters and Allied Trades **Industry Pension Fund**

| OFFICE OF FUND ADMINISTRATOR | PHONE 410 I 564 I 5500 | TOLL FREE 800 I 554 I 2479 |
|---|---|---|
| 7234 PARKWAY DRIVE • HANOVER, MD 21076 | FAX 866 I 656 I 4160 | pension@iupat.org |

April 12, 2019

Dominick Minervini, Esq.
299 Julianne Terrace
Secaucus, NJ 07094

> **RE:**  **Juan Santos**
> **Benefit Appeal**

Dear Mr. Minervini:

The Board of Trustees of the International Painters and Allied Trades Industry Pension Fund considered your appeal at its April 2019 meeting. Your client, Juan Santos ("Participant"), appealed the initial determination of the Fund Office suspending his pension benefit. The Trustees have reviewed the International Painters and Allied Trades Industry Pension Plan ("Industry Plan") and facts and have denied the appeal.

**Initial Determination**
A review of Participant's record reveals that he earned 60,000 Benefit Hours and twenty-nine (29) Years of Vesting Service from 1990 through 2017. Participant had accrued a monthly pension benefit of $3,517.00 when he retired effective July 1, 2018, at age 49, with a Special Early Retirement Pension benefit.

During an audit of the FCS Group, Participant's former employer, the Pension Fund discovered that for the period of January 1, 2017 through December 31, 2017 hours for Participant were reported to the Pension Fund twice -- both through the Pension Fund's TPA and directly to the Pension Fund. The Pension Fund notified the employer of the overpayment in the audit findings. Without these twice-reported hours, Participant did not have the 60,000 hours required for a Special Early Retirement Pension benefit at the time of his retirement.

> 6.08  Special Early Retirement Pension – Eligibility.
> ...
> (c)  An Active Employee whose Annuity Starting Date is on or after January 1, 2003 shall be entitled to retire on a special early retirement pension if he or she:
> > (1)  Has at least 60,000 Benefit Hours, and,
> > (2)  Has accrued at least 1,800 Benefit Hours during the Contribution Period, or has worked at least 1,800 Hours of Service in Covered Employment during the 24 months following the beginning of the Contribution Period.
> ...

Participant's benefit was suspended effective September 2018.

**Appeal**

April 12, 2019
Santos Appeal
Page 2

The reason for the appeal is that Participant, through you, states that he was employed as a union painter for almost 30 years. Participant claims he worked the 60,000 hours required to be eligible for a Special Early Retirement Pension benefit. He says the discrepancy in the hours is not an overpayment by his former employer, but was the result of the employer trying to correct a failure to report the correct work hours from several years earlier.

## Appeal Determination

The audit showed that the payments received by the TPA and those submitted directly to the Pension Fund were for the same time period, January 1, 2017 through December 31, 2017. Participant's record shows that a total of 3,687.50 Benefit Hours were reported for his work in 2017. Participant would have had to work almost 74 hours per week for 50 weeks of 2017 for this to be an accurate reporting of his hours.

The employer did not provide any information on another time period where the hours should allegedly be credited.

## Legal Rights

This is a final determination on appeal. Your client has exhausted your remedies under the Plan. Your client is entitled to receive upon request and free of charge reasonable access to, and copies of, including the specific plan provision upon which the benefit determination was based, all documents, records and other information relevant to your claim for the denied benefit.

The Plan has no further or voluntary appeals procedures. Your client and the Plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency.

A Plan participant or beneficiary has a right to bring a civil action in court under Section 502 (a) of ERISA, 29 U.S.C. §1132(a), of an adverse Plan determination on benefits. Under the terms of the Plan, the Trustees' construction, interpretation, or application of the Plan, and its rules and regulations, including factual determinations and eligibility determinations is final, conclusive and binding on all parties. As the Plan understands current law, this provision limits the scope of judicial review in a lawsuit to a determination of whether the decision of the Trustees was unreasonable on the record presented to them.

The Fund has a uniform three (3) year limitations period on lawsuits seeking payment of benefits from the Plan, regardless of the state in which the lawsuit is filed. *The limitations period ends no later than three (3) years after the date of the Plan's initial benefit denial letter, which was the subject of this appeal. The limitations period is not extended for the time spent in processing the appeal.* (The 3 year limitations period can end earlier. It begins at the earliest of the date that a claimant: (1) discovered or should have discovered the injury that forms the basis of his claim, (2) received a clear repudiation of a claim by the Plan, or (3) or the Plan issued an initial benefit denial letter underlying an appeal.) *The claim can be lost forever if a lawsuit is not filed within the Plan's 3-year limitations period.*

April 12, 2019
Santos Appeal
Page 3


The Plan also limits the location for any lawsuit, administrative proceedings, arbitrations, or other legal action on a claim or other action against the Plan, its Trustees or other fiduciaries. Any lawsuit against the Plan or its fiduciaries or the Trustees, as plan sponsor, can only be filed in the: (1) United States District Court for the District of Maryland, (2) United States District Court for the District of Columbia, or (3), for an individual participant seeking Plan benefits, in the United States District Court for his or her current residence. If a claim cannot be brought in federal court, a lawsuit can be filed in the courts of the State of Maryland or the District of Columbia. Any administrative proceedings, arbitration, or other legal actions or proceedings against the Plan that are not filed with a court must be filed with the office or agency with jurisdiction over the Fund Office in Hanover, Maryland.

Sincerely,

Tim D. Maitland

cc:     Judith Sznyter, Esquire



Novak | Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

To the Trustees of the
    IUPAT Industry Pension Fund

We have applied certain procedures, as discussed below, to the payroll records of FCS Group
LLC, a contributing employer to the IUPAT Industry Pension Fund, for the period January 1,
2015 through December 31, 2017.  The purpose of our review was to assist you in determining
whether contributions to the Trust Funds are being made in accordance with the collective
bargaining agreement in effect and with the Trust Agreements of the Funds.  The propriety of the
contributions is the responsibility of the employer's management.

Our procedures included a review of the pertinent provisions of the collective bargaining
agreements and compared underlying employer payroll records to the Funds contribution records.
The employer records we reviewed included payroll journals, individual earnings records, payroll
tax returns, contribution reports, job classifications, and general disbursement records as
appropriate.  The scope of this engagement was limited to records made available by the
employer and would not necessarily disclose all exceptions in employer contributions to the
Trust Funds.  Any compensation paid to employees not disclosed to us or made part of the
written record was not determinable by us and was not included in our review.

Our procedures related to a review of the employer's payroll records only and did not extend to
any financial statements of the contributing employer.  The procedures were substantially less in
scope than an audit of the financial statements of the contributing employer, the objective of
which is the expression of an opinion on the contributing employer's financial statements.
Accordingly, no such opinion is expressed.

This report is intended solely for the information and use of the specified parties and is not
intended to be and should not be used by anyone other than these specified parties.

The exceptions to employer contributions noted are detailed on the accompanying schedule.

*Novak Francella LLC*

June 11, 2018

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578