JENNINGS SIGMOND, P.C.
Judith A. Sznyter (Bar ID: 027542004)
1835 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 351-0641
Email: jsznyter@jslex.com
Attorneys for Defendants

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN SANTOS | : |
| | : No. 2:20-cv-09182 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, | : DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION AS TO WHY ADDITIONAL DISCOVERY BEYOND THE |
| Defendants. | : ADMINISTRATIVE RECORD IS REQUIRED |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION AS TO WHY ADDITIONAL DISCOVERY BEYOND THE
<u>ADMINISTRATIVE RECORD IS REQUIRED</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii
I.   INTRODUCTION .......................................................................................................... 1
II.  PROCEDURAL HISTORY............................................................................................ 1
III. STATEMENT OF FACTS ............................................................................................. 2
IV.  LEGAL ARGUMENT .................................................................................................... 4
   A.   PLAINTIFF'S CLAIM IS SUBJECT TO THE ARBITRARY AND    CAPRICIOUS STANDARD OF REVIEW AND REVIEW IS THEREFORE   LIMITED TO THE ADMINISTRATIVE RECORD ................................................................................ 4
   B.   PLAINTIFF FAILS TO SPECIFY ADDITIONAL DISCOVERY SOUGHT ............... 7
V.   CONCLUSION................................................................................................................ 9

# TABLE OF AUTHORITIES

Cases

*Abnathya v. Hoffmann-La Roche, Inc.*,
  2 F.3d 40 (3d Cir. 1993) ............................................................................................................. 5

*Anderson v. Suburban Teamsters of N. Illinois Pension Fund Bd. of Trs.*,
  588 F.3d 641 (9th Cir. 2009) ....................................................................................................... 8

*Conkright v. Frommert*,
  559 U.S. 506 (2010) .................................................................................................................... 5

*Dandridge v. Raytheon Co.*,
  No. CIV. A. 08-4793 (WJM, 2010 WL 376598  (D.N.J. Jan. 26, 2010) .................................... 7

*Epright v. Envtl. Res. Mgmt., Inc. Health & Welfare Plan*,
  81 F.3d 335 (3d Cir. 1996) .......................................................................................................... 5

*Firestone Tire and Rubber Co. v. Bruch*,
  489 U.S. 101 (1989) .................................................................................................................... 5

*Fleisher v. Standard Ins. Co.,*
  679 F.3d 116 (3d Cir. 2012) ........................................................................................................ 6

*James v. Int'l Painters and Allied Trades Indus. Pension Plan*,
  738 F.3d 282 (D.C. Cir. 2013) ................................................................................................ 5, 8

*Kosiba v. Merck & Co.*,
  384 F.3d 58 (3d Cir. 2004) .......................................................................................................... 6

*Luby v. Teamsters Health, Welfare & Pension Trust Funds*,
  944 F.2d 1176 (3d Cir. 1991) .................................................................................................. 5, 6

*Lucash v. Strick Corp.*,
  602 F.Supp. 430 (E.D. Pa. 1984) ................................................................................................ 5

*Martorana v. Bd. of Trs., Steamfitters L.U. 420 H.W. and Pension,
  Plan*, 404 F.3d 797 (3d Cir. 2005) .............................................................................................. 5

*Metropolitan Life Ins. Co. v. Glenn,
  554 U.S. 105 (2008)* .................................................................................................................. 8

*Miller v. Am. Airlines, Inc.*,
  632 F.3d 837 (3d Cir. 2011) ........................................................................................................ 5

*Mitchell v. Eastman Kodak Co.,*
  113 F.3d 433 (3d Cir. 1997) ........................................................................................................ 6

*Pinto v. Reliance Standard Life Ins. Co*.,
  214 F.3d 377 (3d Cir. 2000) ........................................................................................................ 5

*Smathers v. Multi-Tool, Inc.*,
  298 F.3d 191 (3d Cir. 2002) ........................................................................................................ 6

Statutes

29 U.S.C. § 1144(a) ......................................................................................................................... 7
29 U.S.C. § 1144(c)(1) .................................................................................................................... 7

Defendants, International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), and the Board of Trustees of the International Painters and Allied Trades Industry Pension Fund ("Board of Trustees" and, together with Pension Fund, "Defendants"), by and through undersigned counsel, submit this Memorandum of Law in Opposition to the Motion as to Why Additional Discovery beyond the Administrative Record is Required filed by Plaintiff Juan Santos ("Plaintiff" or "Santos").

## I.   INTRODUCTION

Plaintiff Juan Santos filed a Brief of Motion as to Why Additional Discovery Beyond the Administrative Record is Required. He seeks unspecified discovery from unspecified parties to show "the existence of relevant material outside the [A]dministrative [R]ecord." Plaintiff's Brief of Motion as to Why Additional Discovery Beyond the Administrative Record is Required ("Plaintiff's Brief"), ECF No. 11, p. 4.

## II.   PROCEDURAL HISTORY

On July 21, 2020, Plaintiff filed suit against Defendants International Painters and Allied Trades Industries Pension Fund ("Pension Fund") and Trustees for the International Painters and Allied Trades Pension Fund ("Trustees" and, together with Pension Fund, "Defendants"). Plaintiff claims he is entitled to a Special Early Retirement Pension benefit and alleges that the Pension Fund failed to "investigate discrepancies" regarding Plaintiff's employment / work / earnings record. Complaint, ¶ 20, 2l.  Plaintiff's Complaint does not contain Counts, but his Request for Relief seeks "injunctive relief in directing the Trustees for Union Pension Fund find Plaintiff eligible to collect the Union Pension in accordance with the pension plan and to

recommence payment of his union pension" and "monetary damages in the amount of union pension monies due Mr. Santos from the period of the pension fund's termination of Plaintiff's benefits, to the date of this Court's final decision, and corresponding interest" as well as attorney's fees and "any relief in law and equity that this Court deems fair and equitable." Complaint, Request for Relief. Therefore, Defendants understand this lawsuit to be a claim for benefits.

At the Initial Conference held on December 15, 2020, the parties did not agree on the need for discovery beyond the Administrative Record. Following the conference, the Court entered an order directing Plaintiff to file a motion regarding why additional discovery beyond the Administrative Record should be permitted. On December 31, 2020, Defendants produced the Administrative Record to Plaintiff and are filing it with the Court concurrently with this Opposition to Plaintiff's Brief.

## III.   STATEMENT OF FACTS

Plaintiff was a Participant in the International Painters and Allied Trades Industry Pension Fund. He retired effective July 1, 2018, at age 49 and commenced a Special Early Retirement Pension. AR00031-AR00034. Plaintiff's Pension History at the time of his retirement reflected that he had earned 60,000 Benefit Hours and twenty-nine (29) Years of Vesting Service from 1990 through 2017. AR00040-00043. The Plan in effect at Plaintiff's retirement provided as follows:

> 6.08   <u>Special Early Retirement Pension – Eligibility</u>.
>
> (a)   An Active Employee whose Annuity Starting Date is on or after January 1, 1993, and who is an Active Employee as of January 1, 1993, may retire on a special early retirement pension if he or she:
> (1)   Has attained age 62;

>   (2) Has at least 45,000 Benefit Hours, and
>   (3) Has accrued at least 1,800 Benefit Hours during the Contribution Period, or worked at least 1,800 Hours of Service in Covered Employment during the 24 months following the beginning of the Contribution Period.
>   (b) An Active Employee whose Annuity Starting Date is on or after January 1, 1999 shall be entitled to retire on a special early retirement pension if he or she:
>   (1) Has attained age 55; and
>   (2) Has at least 54,000 Benefit Hours, and
>   (3) Has accrued at least 1,800 Benefit Hours during the Contribution Period, or worked at least 1,800 Hours of Service in Covered Employment during the 24 months following the beginning of the Contribution Period.
>   (c) An Active Employee whose Annuity Starting Date is on or after January 1, 2003 shall be entitled to retire on a special early retirement pension if he or she:
>   (1) Has at least 60,000 Benefit Hours, and,
>   (2) Has accrued at least 1,800 Benefit Hours during the Contribution Period, or has worked at least 1,800 Hours of Service in Covered Employment during the 24 months following the beginning of the Contribution Period.
>   (3) Solely for purposes of retirement eligibility under this Section, Hours of Service in Covered Employment after 2011 with an Employer who is not a FIP Compliant Employer (but has not been terminated as an Employer) shall be treated as "Benefit Hours."
>   (d) Eligibility for a Special Early Retirement Pension shall be delayed for work in Noncovered Employment as provided for an Early Retirement Pension.

AR10036-10037.

A payroll compliance review (audit) of Plaintiff's former employer revealed that for the period of January 2017 through December 2017, hours for Plaintiff were reported to the Pension Fund twice – through both the Pension Fund's third party administrator ("TPA") and directly to the Pension Fund. AR0070-00073. Plaintiff's benefit was suspended effective October 2018 because without the double-reported hours in 2017, Plaintiff did not have the 60,000 Benefit Hours required for a Special Early Retirement Pension. The Pension Fund notified Plaintiff of the suspension by letter dated October 18, 2018. AR00056-00057. On December 12, 2018, Plaintiff filed an administrative appeal to the Board of Trustees. AR00074. Plaintiff's appeal was

3

heard at the April 2019 meeting of the Board of Trustees. AR00088-AR00089. The Board of Trustees denied his appeal and the Pension Fund notified Plaintiff of the decision on appeal by letter dated April 12, 2019. AR00090-00092. The instant lawsuit followed.

## IV. LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIM IS SUBJECT TO THE ARBITRARY AND CAPRICIOUS STANDARD OF REVIEW AND REVIEW IS THEREFORE LIMITED TO THE ADMINISTRATIVE RECORD

The Pension Plan clearly provides the Board of Trustees with interpretive discretion that is applicable to all participants and claims. Sections 2.03 and 9.04 of the Pension Plan provide:

> 2.03   *Discretion.*
>
> (a)   The Trustees may interpret the Plan and have full discretion and authority to determine all questions of fact or law arising in the administration, interpretation and application of the Plan.
>
> (b)   A determination of the Trustees will be final and binding and shall not be reviewed in any court except for matters on which an arbitration award may be vacated under the federal Arbitration Act.
> …

AR10009-10010

> 9.04   *Trustee Discretion and Authority.*  The Trustees shall, subject to the requirements of the law, be the sole judges of the standard of proof required in any case and the application and interpretation of this Plan. The Trustees shall have the exclusive right and discretionary authority to construe the terms of the Plan, to resolve any ambiguities and to determine any questions which may arise in connection with the Plan's application or administration, including but not limited to determination of eligibility for benefits. Wherever the Trustees are given discretionary powers, the Trustees shall exercise such powers in a uniform and nondiscriminatory manner.

AR10071-10072

4

Furthermore, *James v. Int'l Painters and Allied Trades Indus. Pension Plan*, 738 F.3d 282, 283 (D.C. Cir. 2013), affirming 710 F.Supp.2d 16, 24 (D.D.C. 2010), held that this language entitles the plan to deferential review.

In the context of an ERISA benefit claim under a plan with limited judicial review, as here, the courts limit review of the denial of benefits where "… the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Deference to a plan administrator "promotes predictability… rather than worry about unexpected and inaccurate plan interpretations…." *Conkright v. Frommert*, 559 U.S. 506, 517 (2010); see also, *Martorana v. Bd. of Trs., Steamfitters L.U. 420 H.W. and Pension Plan*, 404 F.3d 797, 801 (3d Cir. 2005); *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 383 (3d Cir. 2000). As *Luby v. Teamsters Health, Welfare & Pension Trust Funds*, 944 F.2d 1176, 1180 (3d Cir. 1991) concluded, where discretionary authority is expressly or impliedly reserved, courts evaluate administrative decisions under the more deferential arbitrary and capricious standard.

Under an arbitrary and capricious standard of review, a court may overturn a plan administrator's decision only if it is "without reason, unsupported by substantial evidence, or erroneous as a matter of law." *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir. 2011), quoting *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993). The scope of arbitrary and capricious review is "narrow, and 'the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits.'" *Abnathya*, 2 F.3d at 45 (*quoting Lucash v. Strick Corp.*, 602 F.Supp. 430, 434 (E.D. Pa. 1984). Under *Epright*

5

*v. Envtl. Res. Mgmt., Inc. Health & Welfare Plan*, 81 F.3d 335, 340, 343 (3d Cir. 1996), the actions of the Trustees must be upheld if they have any reasonable basis.

In determining whether a decision is arbitrary and capricious, the Court considers whether the administrator had a reasonable basis for its decision, based on the facts known to the administrator at the time of the decision. *Fleisher v. Standard Ins. Co.,* 679 F.3d 116, 121 (3d Cir. 2012); *Smathers v. Multi-Tool, Inc.*, 298 F.3d 191, 199-200 (3d Cir. 2002); *Mitchell v. Eastman Kodak Co.,* 113 F.3d 433, 440 (3d Cir. 1997). The evidence for judicial review thus is limited only to the administrative record before the plan administrator. *Mitchell,* 113 F.3d at 440; *Kosiba v. Merck & Co*., 384 F.3d 58, 69 (3d Cir. 2004).

The Administrative Record provided to Plaintiff and filed concurrently with this Opposition contains Plaintiff's administrative file from the International Painters and Allied Trades Industry Pension Fund and Industry Pension Fund Plan documents, Bates numbered AR00001 through AR00092 and AR10000 through AR10248.  These were the documents and information that were before the Plan Administrator, the Board of Trustees, and as such are the only documents the Court may consider in reviewing the Board of Trustees' decision. Additional discovery beyond the Administrative Record is therefore inappropriate.

Plaintiff's analysis of *Luby*, 944 F.2d 1176, is misplaced as this matter is not subject to *de novo* review.  Likewise, Plaintiff's reliance on New Jersey Administrative Code § 11:458.3 is inapplicable for two reasons.  First, the Pension Fund is not an " individual or group health insurance policy or contract, individual or group life insurance policy or contract, individual or group long-term care insurance policy or contract, or annuity contract," *New Jersey Administrative Code § 11:458.3*,  but rather an "employee pension benefit plan" under the Employee Retirement Income Security Act ("ERISA") and therefore governed by ERISA.

6

Secondly, and more importantly, Section 514(a) of ERISA, 29 U.S.C. § 1144(a), preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. The term "state law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." ERISA § 514(c)(1), 29 U.S.C. § 1144(c)(1). Accordingly, the New Jersey Administrative Code is inapplicable.

### B. PLAINTIFF FAILS TO SPECIFY ADDITIONAL DISCOVERY SOUGHT

Even if Plaintiff were entitled to discovery beyond the Administrative Record, the discovery would itself be limited. *Dandridge v. Raytheon Co.*, No. CIV. A. 08-4793 (WJM, 2010 WL 376598 (D.N.J. Jan. 26, 2010) (Plaintiff allowed to conduct discovery beyond the Administrative Record only into the scope and impact of Defendants' structural conflict of interest and certain alleged procedural irregularities.)  However, here the Court still could not make this determination because Plaintiff did not identify what documents he seeks.  Plaintiff's Brief contains no detail as what additional discovery is sought, but rather only a vague statement of the "existence of relevant material outside the administrative record." Plaintiffs Brief, p. 4.

Defendants did not, as alleged by Plaintiff, "fail in [their] administrative duties in not investigating potential missing material in the administrative record." Plaintiff's Brief, p. 6. Rather it was in the exercise of those duties, in the course of a payroll compliance review (audit) of Plaintiff's former employer, that the over-reporting of Benefit Hours for Plaintiff was discovered.  Additionally, Plaintiff had the opportunity to provide the Pension Fund with additional information he believe relevant to his claim in support of his administrative appeal to the Board of Trustees, but did not do so.

Plaintiff alleges no structural conflict of interest.  *Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008)*  held that a structural conflict between an insurance company's actions as an insurer paying benefits (and thus reducing profits to its shareholders) and as an ERISA claims fiduciary was a factor for courts to weigh in determining whether an insurance company abused its discretion in denying a claim for benefits. *Glenn*, 554 U.S. at 111. The weight of authority holds that multiemployer plans, such as the defendant Pension Fund, by their nature, do not have a *Glenn* conflict of interest. In *Anderson v. Suburban Teamsters of N. Illinois Pension Fund Bd. of Trs.*, 588 F.3d 641, 648 (9th Cir. 2009), the Court found that no conflict existed because the participating employers (not the trustees) fund the plan and the trustees have no personal economic interest or benefit from the decision to grant or deny benefits (no self-interest conflict exists where the plan is a "multi-employer benefit plan without a profit motive, and individual trustees receive no personal financial benefit from approving or denying claims."); *James*, 710 F.Supp.2d 16, 24 (D.D.C. 2010).

In a multiemployer plan, any savings from a denial of benefits remain with the Plan and other participants and do not benefit any non-plan party. The need to balance assets and benefits for the entire group is an inherent and unavoidable feature of a multiemployer plan that cannot logically be a basis to eviscerate limited review – at further expense to the plan and other participants.

8

## V. CONCLUSION

**WHEREFORE,** Defendants ask the Court to deny Plaintiff's Motion.

                                                          Respectfully submitted,

                                                          **JENNINGS SIGMOND, P.C.**

                                                          BY:/s/ Judith A. Sznyter
                                                          JUDITH A. SZNYTER

DATE: February 15, 2021