**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
50 WALNUT STREET, ROOM 2060
NEWARK, NJ 07102

May 24, 2021

**LETTER ORDER**

Re:   **SANTOS v. THE TRUSTEES FOR THE INTERNATIONAL PAINTERS AND ALLIED TRADES PENSION FUND et al**
**Civil Action No. 20-9182 (JMV)**

Dear Counsel:

Presently pending before the Court is a motion by Plaintiff Juan Santos ("Plaintiff") to expand Discovery beyond the Administrative Record[1] [ECF No.11]. Defendants, International Painters and Allied Trades Industry Pension Fund ("Pension Fund"), and the Board of Trustees of the International Painters and Allied Trades Industry Pension Fund ("Board of Trustees" and, together with Pension Fund, "Defendants") oppose the motion [ECF No. 12]. For the reasons set forth below, Plaintiff's motion to expand discovery beyond the Administrative Record is **DENIED** [ECF No. 11].

Plaintiff initiated this action by filing a Complaint against Defendants on July 21, 2020. ECF No. 1 ("Compl."). Plaintiff claims he is entitled to a pension benefit, which was suspended by the Pension Fund effective October 1, 2018 as a result of an audit of his recorded work hours that showed Plaintiff did not accumulate the necessary 60,000 hours to be eligible for the pension. Compl., ¶¶ 9-10. Plaintiff appealed the decision to the Board of Trustees and notified Defendants that any shortage of hours was the result of an error in the reporting of his work hours by his former employers. Compl., ¶ 12. Plaintiff claims he requested the Pension Fund conduct an audit to resolve the discrepancy.

---

[1] Defendants filed a copy of the Administrative Record with the Court. *See* ECF No. 13 (AR00001-AR00092; AR10000-AR10248).

1

Compl., ¶ 12. Plaintiff also alleges that Defendants refused to accept his former employer's letter correcting his hours. Compl., ¶¶ 13-14. The Board of Trustees denied Plaintiff's appeal of the termination of his pension on April 12, 2019. Compl., ¶ 15. Plaintiff alleges that during this process Defendants failed to "investigate a discrepancy" regarding hours Plaintiff worked thereby breaching their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"). Compl., ¶¶ 20, 21.

The Court held an initial conference in this matter on December 15, 2020. During the conference, the parties could not agree on the need for discovery beyond the Administrative Record. The Court granted Plaintiff leave to file a motion to expand discovery beyond the Administrative Record.

In considering Plaintiff's request to expand discovery beyond the Administrative Record, the Court will first address the issue of the standard of review in this matter. The Supreme Court of the United States has held that the denial of ERISA benefits is to be reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "When the administrator has discretionary authority to determine eligibility for benefits, . . . the decision must be reviewed under an arbitrary and capricious standard." *Doroshow v. Hartford Life & Acc. Ins. Co.*, 574 F.3d 230, 233 (3d Cir. 2009).

In this case, the parties agree that the plan language provides discretionary authority to the administrator. ECF No. 11 at p. 3; ECF No. 12-2 at p. 4. Plaintiff, however, seemingly argues that this Court should apply a *de novo* standard review instead of the arbitrary and capricious standard because New Jersey Administrative Code § 11:4-58.3 provides that plans granting the administrator discretionary authority are considered void. ECF No. 11 at pp. 2-3, 6. Defendants respond that

Plaintiff's reliance on New Jersey Administrative Code § 11:4-58.3 is misplaced because the Pension Fund is not an "individual or group health insurance policy or contract, individual or group life insurance policy or contract, individual or group long-term care insurance policy or contract, or annuity contract." ECF No. 12-2 at p. 6 (quoting New Jersey Administrative Code § 11:4-58.3). Additionally, Defendants argue that New Jersey Administrative Code § 11:4-58.3 is inapplicable because it is preempted by ERISA. ECF No. 12-2 at p. 7.

The Court agrees with Defendants. The Court is not persuaded that New Jersey Administrative Code § 11:4-58.3 is applicable to this case. *See Baker v. The Hartford Life Ins. Co.*, No. 08-6382, 2010 WL 2179150, at *11 (D.N.J. May 28, 2010), *aff'd sub nom. Baker v. Hartford Life Ins. Co.*, 440 F. App'x 66 (3d Cir. 2011) (discussing that the application of the New Jersey regulation to void a benefit plan's grant of discretion to an administrator would face a preemption attack and directly violate the purpose of ERISA "to provide a uniform regulatory regime over employee benefit plans.") (quotations and citation omitted). As the plan language provides the Board of Trustees with interpretive discretion, which Plaintiff does not dispute, the Court must review the decision of the Board of Trustees under an arbitrary and capricious standard.

"[W]here a claim for benefits is reviewed under the arbitrary and capricious standard, the record on review is generally 'limited to that evidence that was before the administrator when it made the decision being reviewed[,]' *i.e.*, the administrative record." *Brainbuilders, LLC v. Ocean Healthcare Mgmt. Grp. Benefit Plan*, No. 20-2495, 2021 WL 949321, at *6 (D.N.J. Mar. 12, 2021) (citations omitted). There are, however, certain circumstances when discovery beyond the administrative record is permissible such as when there are allegations concerning conflict of interest, bias, or a pattern of inconsistent benefit decisions. *See id.* "Thus, '[i]f a plaintiff establishes a reasonable suspicion of misconduct, then courts should allow discovery requests reasonably likely to

3

either confirm or disconfirm the presence of bias[,]' conflicts of interest and/or a pattern of inconsistent benefit decisions." *Id.* (citations omitted).

In this case, Plaintiff claims that he is entitled to additional discovery because the Administrative Record is "incomplete," and Plaintiff must provide "proof of the missing material." ECF No. 11 at p. 6. Defendants contend that Plaintiff had an opportunity to provide the Pension Fund with additional information he believed to be relevant to his claim in support of his administrative appeal but did not do so. ECF No. 12-2 at p. 7. Additionally, Defendants note that Plaintiff does not allege any structural conflict of interest and Plaintiff has not specified what additional documents or evidence he seeks. ECF No. 12-2 at pp. 7-8. In response, Plaintiff claims that additional discovery will show the existence of the additional hours Plaintiff worked. ECF No. 14 at p. 5.

Here, Plaintiff has not alleged the existence of a structural conflict of interest, bias, or inconsistent decisions. Rather, Plaintiff alleges that Defendants breached their fiduciary duties by failing to investigate a discrepancy regarding his hours worked. Even if the Court construes Plaintiff's allegations as procedural irregularities or abnormalities, this should be considered as "a factor in determining whether an administrator's denial of benefits was arbitrary and capricious in the same way that the existence of a conflict of interest is to be considered as a factor;" however, this does not automatically entitle Plaintiff to discovery beyond the Administrative Record. *Shvartsman v. Long Term Disability Income Plan for Choices Eligible Emps. of Johnson & Johnson*, No. 11-03643, 2012 WL 2118126, at *11 (D.N.J. June 11, 2012). *See also Stevens v. Santander Holdings USA, Inc. Self-Insured Short Term Disability Plan*, No. 11-7473, 2013 WL 322628, at *9 (D.N.J. Jan. 28, 2013) ("[T]he existence of procedural abnormalities is not an automatic trigger permitting discovery beyond the administrative record.")

4

"Further, procedural abnormalities are determined by a review of the administrative record." *Stevens*, 2013 WL 322628, at *9 (citation omitted). In this case, Plaintiff's allegations do not give rise to a reasonable suspicion of misconduct that warrants discovery beyond the Administrative Record. With respect to Plaintiff's claims there is "missing material" and that the Administrative Record is "incomplete," ERISA sets forth what must be included in the administrative record. *See* 29 C.F.R. 2560.503–1. Here, Plaintiff has not specified what information was excluded from the Administrative Record. Furthermore, Plaintiff has failed to show any basis for this Court to find that any such excluded information was submitted, considered, or generated when the claim determination was made. *See* 29 C.F.R. 2560.503–1(m)(8)(ii). Because the Court has no reason to believe that the Administrative Record is incomplete, Defendants have no obligation to produce additional documents. *See Shvartsman*, 2012 WL 2118126, at *12 (finding administrative record complete when "Plaintiff has failed to identify specifically what information was excluded and, moreover, has failed to show any basis for this Court to find that the excluded information was submitted, considered, or generated when the claim determination was made.").

Accordingly, for the reasons set forth above, Plaintiff's motion to expand discovery beyond the Administrative Record is **DENIED** [ECF No. 11].

**IT IS SO ORDERED.**

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**